**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 97-4518

STEVEN LACHINSHER SINGLETARY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-96-312)

Submitted: July 14, 1998

Decided: August 3, 1998

Before MURNAGHAN, WILLIAMS, and MOTZ,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William F. Nettles, IV, Assistant Federal Public Defender, Florence,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,
Alfred W. Bethea, Jr., Assistant United States Attorney, Florence,
South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Steven Lachinsher Singletary appeals his life sentence imposed after he pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C.A. §§ 922(g), 924(e) (West Supp. 1998). Singletary challenges his sentence on the grounds that the district court used the wrong standard of proof in determining relevant conduct, erred in finding that he intentionally murdered a store clerk during the course of an armed robbery, and should have awarded a three-level downward adjustment for acceptance of responsibility under U.S. SENTENCING GUIDELINES MANUAL § 3E1.1 (1995). Finding no reversible error, we affirm Singletary's sentence.

I.

Singletary first claims that the district court used the wrong standard of proof in determining relevant conduct based on acquitted conduct. Singletary and two co-defendants robbed a convenience store using a stolen sawed-off, 12-gauge, double-barreled shotgun. During the robbery, Singletary shot and killed the store clerk. The state prosecuted Singletary for murder, arguing that based on forensic evidence and Singletary's fear of being recognized, Singletary intentionally killed the clerk. The defense contended that Singletary accidentally shot the clerk as the clerk tried to wrestle the gun away from Singletary. The jury acquitted Singletary of murder but convicted him of armed robbery, involuntary manslaughter, and weapons offenses.

Singletary correctly notes that the Supreme Court has held that "a jury's verdict of acquittal does not prevent a sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." United States v. Watts, 519 U.S. 148, ___, 117 S. Ct. 633, 638 (1997) (per curiam). Singletary relies on the Supreme Court's "acknowledg[ment

2

of] a divergence of opinion among the Circuits as to whether, in extreme circumstances, relevant conduct that would dramatically increase the sentence must be based on clear and convincing evidence." Id. at ___, 117 S. Ct. at 637 & n.2.

Although Singletary urges this court to adopt the higher standard of proof, we consistently have required relevant conduct to be proved by a preponderance of the evidence. See United States v. Jones, 31 F.3d 1304, 1316 (4th Cir. 1994); United States v. Urrego-Linares, 879 F.2d 1234, 1239 (4th Cir. 1989). In any event, the district court concluded that the government proved relevant conduct under either standard. Finally, we have previously rejected Singletary's claim that he essentially was convicted of first-degree murder without being found guilty by a jury beyond a reasonable doubt. See United States v. Crump, 120 F.3d 462, 468 (4th Cir. 1997) (finding that "`real offense' sentencing does not offend the Constitution").

II.

Singletary also challenges the district court's conclusion that he intentionally killed the store clerk. He claims that the evidence on which the court relied was equivocal and that his co-defendants' testimony was untruthful. We review the district court's findings of fact at sentencing to ensure that they are not clearly erroneous. See id. at 468. "If the court's findings may rationally be said to be supported by a preponderance of the evidence, they may not be disturbed on appeal." Id.

During lengthy sentencing proceedings, a forensic expert testified that the evidence at the scene suggested that the victim had fallen to the ground after Singletary fired the first shot that hit the victim in the hand and chest. The expert concluded that the second, fatal shot was a probable contact wound; the shot completely shattered the left side of the victim's head. Singletary's co-defendants also testified that Singletary described the killing to them immediately after the robbery and that he never said the shooting was accidental.

Because Singletary was a convicted felon, the probation officer applied USSG § 2K2.1 relating to the unlawful possession of firearms. Subsection (c) states that "[i]f the defendant used . . . any fire-

3

arm . . . in connection with the commission . . . of another offense, . . . apply[,] if death resulted, the most analogous offense guideline from Chapter Two, Part A, Subpart 1 (Homicide)." USSG § 2K2.1(c)(1)(B). The probation officer cross referenced to USSG § 2A1.1--the first-degree murder guideline--and recommended a base offense level of forty-three, reasoning that Singletary's conduct fell within 18 U.S.C.A. § 1111 (West Supp. 1998).* With a criminal history category of VI as a result of Singletary's status as an armed career criminal, the guideline sentence was life imprisonment.

Singletary conceded at sentencing that his conduct fell within the felony murder provisions of § 1111 but objected to the probation officer's findings that the killing was intentional. The court found that government proved relevant conduct--the intentional killing of the store clerk--under either the preponderance of the evidence or clear and convincing standard. The court based its conclusion on the testimony that the second, fatal shot was a probable contact wound, that Singletary never told anyone the shooting was accidental, and that he described the killing to his co-defendants. The court could reasonably credit the corroborated testimony of these witnesses. The district court's finding that the shooting was intentional was not clearly erroneous. See Crump, 120 F.3d at 468.

III.

Singletary asserts that the district court erred in failing to grant a downward adjustment for acceptance of responsibility. Because "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility," the guidelines provide that "the deter-

_____

*Section 1111 provides that

> [m]urder is the unlawful killing of a human being with malice aforethought. Every murder perpetrated by . . . willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of . . . any . . . robbery; or perpetrated from a premeditated design unlawfully and maliciously to effect the death of any human being other than him who is killed, is murder in the first degree.

18 U.S.C.A. § 1111.

4

mination of the sentencing judge is entitled to great deference on review." USSG § 3E1.1, comment. (n.5); see United States v. Castner, 50 F.3d 1267, 1279 (4th Cir. 1995) (stating that sentencing court's decision on whether to grant reduction for acceptance of responsibility "is a factual determination that we will not disturb on appeal unless it is clearly erroneous"). In addition, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." USSG § 3E1.1, comment. (n.1(a)). Because the district court found that Singletary intentionally killed the clerk, the court's finding that Singletary falsely denied or frivolously contested relevant conduct was not clearly erroneous. See Castner, 50 F.3d at 1279.

IV.

Accordingly, we affirm Singletary's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5